# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:11CV70-PS-APR |
| | ) | |
| EDWIN G. BUSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff David Frohwerk is a prisoner confined at the Westville Correctional Facility ("WCF"). The Defendants are Indiana Department of Correction officials. This matter is before the Court on the Plaintiff's motion for order to show cause for a preliminary injunction and temporary restraining order (DE 5), in which he asks the Court to order the United States Marshals Service to transport him to a hearing before this court on conditions at the WCF; on his motion for a hearing to show cause for an injunction and temporary restraining order (DE 30), in which he asks the court to prohibit the defendants from harming and harassing him or retaliating against him; on his motion for preliminary injunction and temporary restraining order (DE 32), in which he asks the Court to order the Defendants to post information on the potential health risks from exposure to mold and asbestos, and information on the federal Whistleblower Protection Act; and on his motions for injunctive order -- "Emergency I Preliminary" (DE 36) and "Emergency II Preliminary" (DE 37) -- in which he asks the Court to order the WCF Superintendent and law library supervisor to provide him with a copy of the Federal Rules of Civil Procedure and to order defendants to stop delaying his legal work and legal mail.

In general, the purpose of a temporary restraining order is to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a

preliminary injunction. *See 7* Pt. 2 *Moore's Federal Practice and Procedure*, ¶ 65.05 (1989); C. Wright & A. Miller, *Federal Practice and Procedure* § 2951, at 498. "The essence of a temporary restraining order is its brevity, its *ex parte* character, and (related to the second element) its informality." *Geneva Assur. v. Medical Emergency Services,* 964 F.2d 599, 600 (7th Cir. 1992). As the Supreme Court made clear in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters, etc.,* 415 U.S. 442, 439 (1974): "*ex parte* temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 *Moore's Federal Practice and Procedure* § 65.04 (1); *see Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *E.E.O.C. v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo.*"). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. *Vencor, Inc. v. Webb,* 33 F.3d 840, 845 (7th Cir. 1994); *Storck USA, L.P. v. Farley Candy Co.,* 14 F.3d 311, 313-14 (7th Cir. 1994); *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Provided these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the

public by granting or denying preliminary relief." *Vencor, Inc. v. Webb,* 33 F.3d at 845; *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d at 12-13; *Kellas v. Lane,* 923 F.2d 492, 493-94 (7th Cir. 1990).

The complaint in this case has not yet been screened, and the Defendants have not been served with a complaint or placed on notice of this case or of the Plaintiff's requests for preliminary injunctive relief. The United States Supreme Court has made clear, that *ex parte* preliminary injunctions or temporary restraining orders are necessary in limited circumstances, but they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm only until a hearing can be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. at 439. Moreover, temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

Finally, when dealing with prisoner cases, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986), *quoting Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981); *Bell v. Wolfish*, 411 U.S. at 547. Federal courts do not interfere with matters of prison management, such as which facility a particular prisoner is housed, without a showing that a particular situation violates the Constitution. *Mendoza v. Miller*, 779 F. 2d 1287, 1292 (7th Cir.), *cert. denied*, 476 U.S. 1142 (1986).

In order to obtain the preliminary injunctions he seeks, Frohwerk must make an initial

showing that (1) his case has a likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) that the movant will suffer irreparable harm if injunctive relief is not granted. *Vencor, Inc. v. Webb,* 33 F.3d 840 at 845. Nothing the Plaintiff has submitted to the Court suggests that he meets the requirements necessary to obtain the preliminary injunctions he seeks, particularly the requirement that he establish that he suffer irreparable harm if injunctive relief is not granted. The Plaintiff has not provided justification for this court taking the extraordinary step of requiring his custodians to refrain from harassing him, that they post information on potential health risks and on the Whistleblower Protection Act, that they provide him with a personal copy of the Federal Rules of Civil Procedure, or that they alter their procedures with respect to the law library and the handling of legal mail. Accordingly, the Court must deny his requests for preliminary injunctive relief.

For the forgoing reasons, the court DENIES the Plaintiff's motion for order to show cause for a preliminary injunction and temporary restraining order (DE 5), his motion for a hearing to show cause for an injunction and temporary restraining order (DE 30), his motion for preliminary injunction and temporary restraining order (DE 32), his motion for injunctive order - "Emergency I Preliminary" (DE 36), and his motion for injunctive order - "Emergency II Preliminary" (DE 37).

**SO ORDERED**.

ENTERED: May 2, 2011

                                               /s/ Philip P. Simon
                                               PHILIP P. SIMON, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT