# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 2:11-CV-70-PS-APR |
| EDWIN G. BUSS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

David Frohwerk, a *pro se* prisoner confined at the Westville Correctional Facility, submitted a handwritten complaint under 42 U.S.C. § 1983. He names multiple defendants, and appears to be raising unrelated claims for violations of the First Amendment's free exercise clause, the Eighth Amendment's cruel and unusual punishments clause, and the Fourteenth Amendment's due process clause. Litigants cannot join unrelated claims against unrelated defendants in one case:

> A buckshot complaint . . . say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions should be rejected . . . . [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, Mr. Frohwerk says he is suing "John and Jane Does acting in their individual and/or official capacities," but he doesn't provide any description of these individuals. If he wants to proceed against unnamed defendants, he must provide some identifying information about them, such as their job function, and explain how they were personally involved in the violation of his rights.

Mr. Frohwerk sought leave of the Court in this case to amend his complaint, and the Court afforded him until June 6, 2011, within which to file an amended complaint. Mr. Frohwerk, however, did not file an amended complaint in this case; instead, he filed seven new cases: *Frohwerk v. Johnson*, 2:11cv133 RM; *Frohwerk v. Levenhagen*, 2:11cv199 TLS; *Frohwerk v. Correctional Medical Services*, 2:11cv200 TLS; *Frohwerk v. Unknown Westville Correctional Facility Employees*, 2:11cv201 WL; *Frohwerk v. Officer Armstrong*, 2:11cv202 WL; *Frohwerk v. Bean*, 2:11cv209 PS; and *Frohwerk v. Unknown Westville Correctional Facility Officials*, 2:11cv210 RL. In some of these complaints, Mr. Frohwerk makes many of the same allegations against the same defendants as he presents to the Court in his long, complex complaint in this case. Mr. Frohwerk cannot proceed against a defendant for the same claim in multiple cases.

Because the complaint in this case contains unrelated claims against multiple defendants, and because the Plaintiff appears to have subsequently filed other cases raising the claims against the defendants he presents to the Court in this case, this Court will strike the complaint in this case and allow Mr. Frohwerk to file an amended complaint bringing only related claims. The Court advises Mr. Frohwerk that his amended complaint in this case should not contain unrelated claims, and should not contain any claim he has already raised in one of the seven cases he has filed since he filed his original complaint in this case.

For the foregoing reasons, the court:

(1) **STRIKES** the complaint [DE 1];

(2) **DIRECTS** the clerk to place this cause number on a blank Prisoner Section

2

1983 Complaint and send it to the Plaintiff;

(3) **AFFORDS** the Plaintiff to and including July 21, 2011, within which to file an amended complaint that contains no unrelated claims, and does not contain any claim he has already raised in one of the seven cases he has filed since he filed his original complaint in this case; and

(4) **CAUTIONS** the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

**SO ORDERED**.

ENTERED: June 20, 2011

   **/s/ Philip P. Simon**
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT