# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:11-CV-70-PS-APR |
| | ) |
| EDWIN G. BUSS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff David Frohwerk, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint (DE 1) pursuant to 42 U.S.C. § 1983, and a petition to proceed *in forma pauperis.* The Court struck the original complaint (DE 109), and the Plaintiff has now filed an amended complaint (DE 115). On April 4, 2011, the Court granted the Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) (DE 35), which allows prisoners to pay the filing fee over time by installments.

A prisoner may not bring a civil action in forma pauperis if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

At the time that this Court issued its April 4, 2011 order granting the Plaintiff leave to proceed *in forma pauperis,* it was unaware that Mr. Frohwerk had already accumulated three strikes before he filed the complaint in this case. But the records of the United States District Court for the Northern District of Indiana establish that the disposition of three cases filed by

Mr. Frohwerk in 2008 and 2009 qualify as "strikes" within the meaning of §1915(g):

>(1) *David R. Frohwerk v. Diana M. Brinckley*, 3:08-CV-578 JVB, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on February 11, 2009, for failure to state a claim upon which relief can be granted;

>(2) *David R. Frohwerk v. Diana M. Brinckley*, 3:09-CV-161 RM, dismissed pursuant to Fed. R. Civ. P. 12(h)(3) on July 15, 2009, for want of subject matter jurisdiction;

>(3) *David R. Frohwerk v. Correctional Medical Services*, 3:09-CV-317 RM, dismissed pursuant to 28 U.S.C. § 1915A(b) on September 1, 2009, for failure to state a claim upon which relief can be granted;

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison conditions [must be] real and proximate.' Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). When inmates "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330, citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once does not constitute imminent danger) and *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Mr. Frohwerk's amended complaint in this case alleges that he "was placed in segregation on 1-31-2011" and that he was not given extra clothing or blankets to keep warm until February 4, 2011 (DE 115 at 15). Mr. Frohwerk is no longer confined in the segregation unit where he complains he was subjected to conditions he alleges violated the Eighth Amendment's prohibition against cruel and unusual punishments. These allegations do not

suggest any possibility of current imminent danger of serious physical harm to the Plaintiff.

Because he has accumulated three strikes and is not in imminent danger of serious physical injury, the Court must deny the Plaintiff leave to proceed *in forma pauperis*. Mr. Frohwerk may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

(1) **RECONSIDERS** the order granting the Plaintiff *in forma pauperis* status and **STRIKES** the order of April 4, 2011, (DE 35), which granted the Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b);

(2) Pursuant to 28 U.S.C. § 1915(g), **DENIES** the Plaintiff leave to proceed *in forma pauperis*;

(3) **AFFORDS** the Plaintiff to and including September 26, 2011, within which to pay the $350.00 filing fee, and

(4) **ADVISES** the Plaintiff that if he does not pay the filing fee in full by that date, this complaint will be dismissed without further notice without affecting his obligation to pay the remainder of the filing fee in installments.

**SO ORDERED**.

ENTERED: August 23, 2011

      /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT