UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:11-CV-70 PS |
| | ) | |
| EDWIN G. BUSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

In his original complaint, Plaintiff David Frohwerk, a *pro se* prisoner, confined at the Westville Correctional Facility, named multiple defendants, and raised unrelated claims for violations of the First Amendment's free exercise clause, the Eighth Amendment's cruel and unusual punishments clause, and the Fourteenth Amendment's due process clause. I struck the original complaint and allowed Mr. Frohwerk to file an amended complaint bringing only related claims [DE 109].

Mr. Frohwerk has now filed an amended complaint under 42 U.S.C. § 1983 [DE 115], that is one hundred and twenty six pages long, and which apparently deals with many claims. He also states that there are numerous unknown defendants, who he believes he "will be able to identify and enumerate . . . via the discovery and admission process" [DE 115-2 at 1].

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. **These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief**. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted) (emphasis added).

The Plaintiff's submission is neither short nor plain. It is long, and difficult to decipher. Moreover, as did his original complaint, his proposed amended complaint appears to contain many unrelated issues. The Seventh Circuit has said that a "buckshot complaint" – such as "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" – should be rejected. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). A pleading of this kind violates FED. R. CIV. P. 20(a), which allows joinder of claims against different defendants if the right to relief asserted arises out of the same transaction, occurrence, or series of transactions or occurrences. Applying these standards to a prisoner complaint in *George*, the Court of Appeals said:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this...suit produced but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals than any prisoner may file without prepayment of the required fees.

*Id.*

The Plaintiff's proposed amended complaint does not meet the pleading standards set forth in FED. R. CIV. P. 8(a)(2) or 20(a), accordingly, I will strike it. I will also give the Plaintiff one more, but only one more, chance to file a succinct amended complaint.

ACCORDINGLY, for the foregoing reasons, I:

(1) STRIKE the amended complaint [DE 115];

(2) DIRECT the clerk to place this cause number on a blank Prisoner Section

1983 Complaint and send it to the Plaintiff;

(3) AFFORD the Plaintiff to and including December 2, 2011 within which to file an amended complaint that contains a short and plain statement of his claims, and contains no unrelated claims against separate defendants; and

(4) CAUTION the Plaintiff that if he does not respond by the deadline, or if he files another amended complaint failing to comply with these requirements, this case will be dismissed without further notice.

**SO ORDERED**.

ENTERED: October 18, 2011

/s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court