UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID FROHWERK,                     )
                                    )
                    Plaintiff,      )
                                    )
        vs.                         )        CAUSE NO. 2:11-CV-70 PS
                                    )
EDWIN G. BUSS, *et al.,*            )
                                    )
                    Defendants.     )

OPINION AND ORDER

Plaintiff David Frohwerk, a *pro se* prisoner, filed a complaint [DE 1], a motion to sue

defendants [DE 43], a motion for leave to file amended complaint [DE 53], a second complaint

[DE 59] a third complaint [DE 59], a motion for leave to amend [DE 66] and another motion for

leave to amend [DE 82]. All of these complaints or requests for leave to amend were stricken

from the record or denied as inadequate.

The Plaintiff's original complaint named multiple defendants, and raised unrelated claims

for violations of the First Amendment's free exercise clause, the Eighth Amendment's cruel and

unusual punishments clause, and the Fourteenth Amendment's due process clause. On June 20,

2011, in its order striking the complaint, the Court afforded "the Plaintiff to and including July

21, 2011, within which to file an amended complaint that contains no unrelated claims, and does

not contain any claim he has already raised in one of the seven cases he has filed since he filed

his original complaint in this case" [DE 109 at 3]. The court cautioned him "that if he does not

respond by the deadline, this case will be dismissed without further notice" [*Id.*].

The Plaintiff responded with an unintelligible amended complaint [DE 115] that was one

hundred and twenty six pages long, and which apparently dealt with many unrelated claims. On

October 18, 2011, this Court struck this amended complaint because it was not a short plain statement of Frohwerk's claims and because it appeared to contain many unrelated issues in violation of *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court gave "the Plaintiff one more, but only one more, chance to file a succinct amended complaint" [DE 123]. But instead of filing an amended complaint that complied with the pleading standards set forth in FED. R. CIV. P. 8(a)(2), Mr. Frohwerk has submitted a letter in which he asks the court to consolidate several cases in which he has filed unrelated claims against numerous individuals, including "2:11cv70PS; 2:11cv133RM; 2:11cv200TS; 2:11cv201WL; 2:11cv202WL; 2:11cv209PS; and 2:11cv210RL." [DE 123 at 1].

As the Court has told Frohwerk several times before:

> A buckshot complaint . . . say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions should be rejected . . . . [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). More recently, the Seventh Circuit criticized a district court for disregarding *George*, and reemphasized "that unrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (internal quotation marks omitted). Citing *George*, the Seventh Circuit held that "[c]omplaints like this one from Owens should be rejected..., either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Id.*

Pursuant to *George v. Smith* and *Owens v. Hinsley*, this Court must reject the Plaintiff's attempt to consolidate several cases into this cause number involving unrelated claims against separate defendants. Furthermore, "leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate." *Owens*, 635 F.3d at 956. Because the Plaintiff has not filed an amended complaint within the time allowed, after being warned of the consequences, the Court will dismiss this case without prejudice.

For the foregoing reasons, the Court DENIES the Plaintiff's request to consolidate cause numbers 2:11cv70PS; 2:11cv133RM; 2:11cv200TS; 2:11cv201WL; 2:11cv202WL; 2:11cv209PS; and 2:11cv210RL [DE 123], and DISMISSES this cause of action without prejudice.

**SO ORDERED**.

ENTERED: January 9, 2012

   /s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court